**BOARD OF LIQUOR CONTROL, Appellee, v. WALNUT CAFE, INC., Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4836.  Decided October 29, 1953.

Hon. C. William O'Neill, Atty. Genl., Robert B. Rady, Louis S. Evans, Asst. Attys. Genl., Columbus, for appellee.

John T. Feighan, Jr., Thomas C. Begley, Cleveland, for appellant

(PUTNAM, PJ, MONTGOMERY J, of the Fifth District; NICHOLS, J, of the Seventh District, sitting by designation in the Second District.)

## OPINION

By THE COURT.

This case comes into this Court as an appeal from the judgment of the Common Pleas Court of Franklin County affirming an order of the Board of Liquor Control in which said Board suspended the Class D-5 permit of the appellant for a period of fifteen days for an alleged violation of Regulation 59 of the Ohio Board of Liquor Control in that:

"On July 6, 1951 you and/or your agents or employees, did allow and permit employees, agents or other persons, to solicit patrons for the purchase of drinks of beer or intoxicating liquor—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

Regulation 59 reads as follows:

"The holder of a permit issued by the Department shall not, nor shall any of his agents or employees solicit or in any manner approach a patron for the purchase of drinks of beer or intoxicating liquor for himself or such agent or employee or any other person. The holder of a permit issued by the Department shall not permit any person not in his employ to solicit or in any manner approach a patron for the purchase of drinks of beer or intoxicating liquor either for himself or for any other person."

The assignments of error in this case are as follows:

1. The Court erred when it sustained the order of the Board of Liquor Control.

2. The Court erred when it found the order of the Board of Liquor Control was in accordance with law.

3. The Court erred when it found the order of the Board of Liquor Control was supported by reliable, probative and substantial evidence.

Two principal questions are presented to this Court by this appeal. The first is, that since the one who is alleged to have solicited a drink of beer or intoxicating liquor was a cigarette girl who was selling cigarettes in the establishment under an arrangement by which her employer was paying to the owner of the establishment, that is, the D-5 permit holder, $75.00 per month for the privilege of checking hats and selling cigarettes, that she was neither an agent nor employee of the D-5 permit holder but an independent contractor and consequently did not come within the provisions of the regulation or statute. It is the judgment of this Court, as was the judgment of the Common Pleas Court and for the reasons stated by said Court in its decision, that under the circumstances of this case she was an agent and not an independent contractor and thus did come within the provisions of the regulation.

The second proposition advanced in this Court is that there is no reliable, probative and substantial evidence that the drink solicited by this cigarette girl and furnished to her at the time was either beer or intoxicating liquor, the drink which is interdicted by regulation of statute.

We have examined the record in this case and we find that that claim of the appellant is true. The only reference in the record is that she asked for a drink and it was furnished her. There is no evidence at all as to what kind of a drink it was—soft drink, beer or intoxicating

liquor. This Court has considered seriously whether or not in the connection with which this case arose, the testimony as to the word "drink" is sufficient to prove beer or intoxicating liquor was furnished upon solicitation, and we have arrived at the conclusion that since the burden of proof was upon the appellee to prove a violation of the statute, the proof simply that a drink was furnished, is not sufficient to prove that this was either beer or intoxicating liquor.

For this reason and this reason alone the judgment is reversed.

PUTNAM, PJ, MONTGOMERY and NICHOLS, JJ, concur.