MUSICAL BAR, INC., d. b. a. GOULD'S MUSICAL BAR, INC., Appellant-Appellant, v. BOARD OF LIQUOR CONTROL, Appellee-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5919. Decided September 23, 1958.

Isadore Topper, Leonard J. Stern, Columbus, for appellant.
William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

By MILLER, J.

This is a law appeal from the Common Pleas Court affirming an order from the Board of Liquor Control revoking the Class D-5 liquor permit of the appellant for an alleged violation of Regulation 59 of the Ohio Board of Liquor Control in that

"On or about April 26, 1957, you and/or your agent or employee did approach and solicit in and upon the permit premises patrons to purchase drinks of beer and/or intoxicating liquor, either for himself or other persons— in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control, and contrary to public decency, sobriety and good order."

The question therefore presented is whether or not there was a violation of Regulation 59, which reads:

"The holder of a permit issued by the Department shall not, nor shall any of his agents or employees solicit or in any manner approach a patron for the purchase of drinks of beer or intoxicating liquor for himself or such agent or employe or any other person. The holder of a permit issued by the Department shall not permit any person not in his employ to solicit or in any manner approach a patron for the purchase of drinks of beer or intoxicating liquor either for himself or for any other person."

The record reveals that two of the Department's agents visited the appellant's place of business and one of them purchased a drink of whiskey and paid seventy cents for the same to the bartender who rang up the sale. At this point a young lady who was selling cigarettes on the premises, and an employee of the appellant, came up and occupied the stool next to the agent who was sitting at the bar, and the waitress who had sold the agent the drink asked him if he would buy the young lady a drink. She also asked the agent to buy her a drink, which he consented to do, and she then ordered cognac from the waitress. A drink was then poured from a bottle marked "cognac," which was served to the agent, and for which he was charged and paid the sum of $1.80 for the same.

It also appears that he purchased three more drinks from the same bottle within the next five minutes, at the request of the recipient, paying $1.80 each time. He then confiscated the bottle from which the drink was poured, and the contents proved to be non-alcoholic. The bottle bore the information "containing less than one-half of one percent of alcohol" in small print, with the word "cognac" in bold letters.

Since the recipient of the drink ordered "cognac" from the waitress in the first instance, and after consuming the contents, which was poured from a bottle labeled "cognac," she solicited three more drinks, it would appear to the members of this Court that the Board was justified in finding that the solicitation was for a drink of "cognac," which the record reveals to be an intoxicating liquor. The fact that the drink served was not intoxicating is not material as the offense under the regulation is the soliciting of intoxicating liquor.

Counsel for the appellant cite the case of **Board of Liquor Control v. Walnut Cafe, 74 Abs 69,** but this case may be distinguished on the facts. Here the solicitor merely asked for a drink which was not furnished to her. The Court stated at page 70:

"There is no evidence at all as to what kind of a drink it was—soft drink, beer or intoxicating liquor."

In our case there is evidence from which the Board was warranted in finding that the solicitation was for "cognac," which the record reveals to be an intoxicating liquor.

It is, therefore, our conclusion that the order of the Board of Liquor Control is supported by evidence that is reliable, substantial and probative and the judgment will be affirmed.

PETREE, ·PJ, BRYANT, J, concur.